IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:99-CR-00008-KDB

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | ORDER |
| RUSSELL OWEN MCINTOSH, | |
| Defendant. | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's Motion for a Reduced Sentence under 18 U.S.C. § 3582 and the Sentencing Guidelines Amendment 782 (Doc. No. 23). For the reasons discussed below, the Court will grant the motion.

## I. BACKGROUND

From 1997 until 1999, Russell Owen McIntosh, as part of a drug trafficking organization, distributed powder and crack cocaine in Iredell, North Carolina. McIntosh was a leader in the organization and directed the activities of at least three others involved in the conspiracy. During his drug trafficking, McIntosh possessed several firearms, including a double-barreled shotgun, a pump-action shotgun, three pistols, and a revolver.

Also, at the time of his involvement, McIntosh had already been previously convicted of other drug offenses and during this time he was convicted of two counts of accessory after the fact to two first-degree murders. For his participation in those violent crimes, he was sentenced to 24 years and 10 months in prison, and he served that sentence until he was paroled in May 2019.

In March 1999, a grand jury indicted Russell McIntosh with one count of possessing with intent to distribute "a controlled substance," in violation of 21 U.S.C. § 841, and one count of

1

distributing a controlled substance, in violation of 18 U.S.C. § 841. (*See* Doc. No. 1). McIntosh pleaded guilty to both counts without a plea agreement.

Before sentencing, the presentence report concluded that McIntosh was responsible for 2.9 grams of cocaine base. His total offense level was 18, after applying a two-level reduction for acceptance. After combining the offense level of 18 and a criminal history category of VI, McIntosh's guidelines range was 57 to 71 months. The Court imposed a sentence of 71 months on each count, to run concurrently, and two, three-year terms of supervised release to be served concurrently. (Doc. No. 20).

## II. DISCUSSION

Under 18 U.S.C. § 3582(c), a Court may reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," provided that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A sentence "reduction is not consistent with applicable policy statements and therefore not authorized under § 3582(c)(2) if 'an amendment listed in [U.S.S.G. § 1B1.10(d)] does not have the effect of lowering the defendant's applicable guideline range.'" *United States v. Nickens*, 668 F. App'x 20, 21 (4th Cir. 2016) (quoting U.S.S.G. § 1B1.10(a)(2)(B)). According to the Sentencing Guidelines, the "applicable guideline range" is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual." U.S.S.G. § 1B1.10 cmt. n.1(A).

Under Amendment 782, which became effective on November 1, 2014, the U.S. Sentencing Commission reduced by two levels the base offense level for certain drug offenses

2

Case 5:99-cr-00008-KDB   Document 24   Filed 05/19/22   Page 2 of 4

covered by § 2D1.1 of the Advisory Guidelines. *See* U.S. Sentencing Commission, Guidelines Manual 2016, Supplement to Appendix C, Amendment 782. Amendment 782 encompasses offenses involving cocaine base. *Id*. Consequently, McIntosh is eligible for relief under Sentencing Guideline Amendment 782.

As amended, McIntosh's new base offense level is 14. *See* U.S.S.G. §§ 2D1.1(c)(4). Applying the two-level adjustment for acceptance of responsibility, McIntosh's new total offense level is 12. With a criminal history category of VI, McIntosh's new guidelines range is 30 to 37 months. McIntosh asks this Court to impose a low-end sentence of 30 months.

After considering the factors set forth in 18 U.S.C. § 3553(a), the Court finds that a reduced sentence of 30 months is warranted. While McIntosh's offense conduct and criminal history is serious as discussed above, McIntosh deserves some credit for his good behavior while in federal custody. (Doc. No. 357) Although that record is brief because McIntosh was released from state custody and into federal custody only in 2019, this evidence of positive post-sentencing rehabilitation does support a reduction in his sentence. *See United States v. Martin*, 916 F.3d 389 (4th Cir. 2019) (holding that a court must examine and address the defendant's post sentencing rehabilitation). In sum, the Court finds that a sentence of 30 months is sufficient but not greater than necessary to accomplish the goals of sentencing.

### III. ORDER

**IT IS THEREFORE ORDERED** that McIntosh's Motion for a Reduced Sentence under 18 U.S.C. § 3582 and the Sentencing Guidelines Amendment 782 (Doc. No. 23), is **GRANTED.** The Court **HEREBY ORDERS** that McIntosh' term of imprisonment and commitment to custodial authorities is reduced to **30 MONTHS** on Counts One and Two, to run concurrent to each other.[1] All other terms and conditions of McIntosh's sentence remain in full force and effect.

**SO ORDERED.**

Signed: May 18, 2022

Kenneth D. Bell
United States District Judge

---

[1] The sentences here are to run concurrently with the related federal sentence in *United States v. McIntosh*, Case 5:99-cr-71.